IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action |
| | ) | No. 11-03021-02-CR-S-GAF |
| | ) | |
| CHRISTOPHER M. HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This matter is set for trial to commence on April 23, 2012. On April 3, 2012, the defendant filed a Motion to Suppress. As grounds, he states that statements obtained during a custodial interrogation were made without the defendant being advised of his constitutional rights; that he did not knowingly, intelligently and voluntarily waive his right to remain silent, his right to counsel or his right to have counsel appointed for him. He further states that the length and nature of his custody, and the nature and duration of defendant's interrogation were inherently coercive, and further that the statements are not an accurate reflection of the conversation between the defendant and the interrogating officials. The matter was called for a hearing on April 6, 2012. The United States called as its witness Sean Henry, a special agent with the Drug Enforcement Administration (DEA).

The credible evidence establishes that Special Agent Henry followed a SWAT team to a residence at 3146 West Knob Hill in Springfield, Missouri, for the purpose of executing a search warrant. There were 14 to 16 members of the SWAT team and 8 to 10 DEA agents who conducted

the search. The SWAT team entered the residence by use of a "flash bang." After the entry was obtained, the search began, and the defendant was handcuffed and remained seated in the living room. Special Agent Henry read his *Miranda* card verbatim, and the defendant exhibited an understanding of his rights. After an initial interrogation, cocaine was located in the residence and a second interrogation occurred approximately an hour after the first. During both interrogations, the defendant made incriminating statements.

The evidence clearly establishes that the defendant was read his *Miranda* rights before any questioning. While there was a significant law enforcement presence, there is no evidence that the defendant felt in any way coerced or that the presence of the officers created an environment that was inherently coercive. It was mentioned that the defendant was disoriented, after the flash bang. The record supports the conclusion that any disorientation was temporary. There is no evidence to suggest that his ability to understand the *Miranda* warnings were impaired. It is therefore

RECOMMENDED that the Motion to Suppress be denied.

　　　　　　　　　　　　　　　　 /s/ James C. England
　　　　　　　　　　　　　　　　JAMES C. ENGLAND
　　　　　　　　　　　　　　　　United States Magistrate Judge


Date: April 11, 2012